```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

James Walsh,
    Plaintiff

    v.                                    Case No. 12-cv-72-SM
                                          Opinion No. 2014 DNH 064
Zurich American Insurance Company;
American Zurich Insurance Company; and
Universal Underwriters Insurance Company,
    Defendants


## **O R D E R**


Having carefully considered the pleadings, supporting memoranda, exhibits, and argument of counsel during the hearing on defendants' summary judgment motion (document no. 16), the court denies the motion.

The claim in this case is, essentially, that plaintiff and his employer, Zurich American Insurance Company, agreed that he would be paid a base salary and incentive pay during calendar year 2009. The incentive pay, plaintiff says, was to be paid in accordance with a description and schedule negotiated and delivered to him in August of 2008. The incentive pay applied to 2009 (effective April 1, 2009), but that plan will be referred to as the "August 2008 plan" to distinguish it from a subsequent 2009 incentive pay plan that Zurich claims governs the parties' relationship.

The August 2008 plan included a provision for payment of up to 1.125% of the value of insurance business written by plaintiff (and collected by Zurich) under a new program developed by Zurich. Importantly, plaintiff says the August 2008 plan included sales made under the program in 2008. And, while Zurich denies that the August 2008 plan ever achieved contractual character, it does not seem to argue that, if effective as a contract, it still didn't cover December 2008 sales.

As it turned out, plaintiff was responsible for making a dramatic sale (over $200 million) in December of 2008. Plaintiff says that after he made the sale, Zurich unilaterally imposed a change to his incentive pay plan (the "Revised Plan"). The Revised Plan drastically reduced his incentive pay - from a potential 1.125% of a total sale's value to only $1,000.00 per $1 million of insurance sold under the new program (i.e., 0.1%). He asserts that he had no real choice but to acquiesce in the unilateral change and, although he appears to have agreed to the new terms, he argues that the change was not supported by adequate consideration. Consequently, says plaintiff, the Revised Plan is not enforceable, at least not with respect to the large December 2008 sale. Zurich declined to pay any incentive pay on the large sale under the August 2008 plan, but did pay

Walsh for that sale under the Revised Plan (what Zurich calls the "approved" plan).

Zurich says the August 2008 plan was merely a draft, was never officially "approved," was reflective only of ongoing discussions, and never matured into an enforceable agreement. In any event, says Zurich, plaintiff agreed to the terms of the Revised Plan long before the August 2008 plan was to become effective. Zurich denies that plaintiff's sale of over $200 million dollars in insurance under the new program motivated it to substantially alter an agreed-upon incentive pay agreement. It insists that an incentive pay plan was not finalized or agreed to by Zurich until early 2009 - after the sale.

This brief summary perhaps over simplifies what is a complex legal and factual case, but the point is clear. There are multiple disputes with respect to material facts that preclude entry of summary judgment. The parties have decidedly different versions of the critical facts, including Zurich's policies, customs and practices associated with setting incentive pay generally, and, in Walsh's case, facts related to the new program that was under development and that he was recruited to lead. And there are material disputes with respect to the parties' understanding of the nature of the incentive pay (e.g., whether

it was in the nature of commissions, or a performance bonus), when it became payable, what sales factor into the calculation, and when the plan terminates.

Plaintiff has the burden of proving a contractual entitlement to the incentive pay he seeks. While he may have a difficult evidentiary road to travel, still, his essential claim is that the parties reached an agreement in August 2008 with respect to the incentive pay to be paid him in 2009, and Zurich breached that agreement with respect to incentive pay owed him on the December 2008 sale. He has presented sufficient evidence to establish that his claim will turn on the resolution of factual disputes.

The most significant dispute, perhaps, is whether the parties' words and actions manifested an objective intent to be bound by the terms set out in the August 2008 incentive pay plan given to Walsh. That is, what did they in fact say or do, did their statements and actions manifest an intent to be contractually bound by that document, and were Walsh's understandings and expectations reasonable? Generally, "it is a question of fact whether any particular conduct or actions imply a contractual understanding." Bourque v. FDIC, 42 F.3d 704 (1st Cir. 1994).

This is not a case in which the words and actions of the parties are so clear themselves that reasonable people could not differ on their meaning.  Rather, this is a case in which the evidence does not seem to point unerringly in a single direction; it is capable of supporting conflicting inferences.  Consequently, a jury might plausibly credit Walsh's version as to what was said, done, and intended, given the record as currently developed.  <u>Id</u>.  While Walsh's proof at trial may come up short (as a matter of law or fact), on this record, whether the August 2008 incentive plan constitutes a contract between Walsh and Zurich, and whether a superceding contract effectively nullified its provisions, is largely a matter to be determined by a finder of fact.  <u>See</u> <u>Crellin Technologies, Inc. v. Equipmentlease Corp.</u>, 18 F.3d, (1st Cir. 1994).

## Conclusion

The motion for summary judgment (document no. 16) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 3, 2014

cc:   Jamie N. Hage, Esq.
      Damon Hart, Esq.
      Christopher B. Kaczmarek, Esq.
      Douglas J. Miller, Esq.
      Donald S. Prophete, Esq.